53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Maria De Jesus SANCHEZ-MORENO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70292.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria De Jesus Sanchez-Moreno seeks review of the Board of Immigration Appeal's ("BIA") dismissal of her appeal from an immigration judge's ("IJ") deportation order. Sanchez-Moreno contends that the BIA erred by ruling that: (1) an Immigration and Naturalization Service ("INS") Form I-213, "Record of a Deportable Alien," was properly authenticated and admissible at her deportation hearing; (2) the IJ was not required to allow cross-examination of the Form I-213's preparer; and (3) she was ineligible for a suspension of deportation because she could not establish good moral character. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On February 23, 1988, the INS issued Sanchez-Moreno an Order to Show Cause ("OSC"), charging her with being a Mexican citizen who entered the United States without inspection. Sanchez-Moreno challenged deportability and refused to answer questions regarding her citizenship, alienage, and entry into the United States, invoking her Fifth Amendment right against self-incrimination. To establish deportability, the INS offered a certified copy of the Form I-213, which indicated that Sanchez-Moreno had illegally entered the United States from Mexico in 1972. The Form I-213 was admitted despite Sanchez-Moreno's objection that it was not properly authenticated and was hearsay. The INS also introduced certified copies of a September 18, 1987 criminal conviction for false imprisonment, for which Sanchez-Moreno was sentenced to a term of three years' imprisonment.
 
 
 5
 The IJ found Sanchez-Moreno deportable as charged in the OSC based on the information contained in the Form I-213. Sanchez-Moreno then sought a suspension of deportation pursuant to section 244(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a), which the IJ denied, ruling that she could not prove the requisite good moral character as a result of her conviction for a crime of moral turpitude and her having served a prison sentence of more than 180 days.
 
 
 6
 Sanchez-Moreno appealed to the BIA, contending, inter alia, that the IJ erred by admitting the Form I-213, disallowing examination of the INS officer who prepared the Form I-213, and ruling that she was ineligible for a suspension of deportation. The BIA dismissed the appeal, and Sanchez-Moreno timely filed a petition for review.
 
 II
 Merits
 
 7
 A. Authentication and Admissibility of Form I-213
 
 
 8
 Sanchez-Moreno contends that the Form I-213 should not been admitted because it was not properly authenticated and hearsay. In addition, she contends that the IJ was required permit cross-examination of the form's preparer. These contentions lack merit.
 
 1. Authentication
 
 9
 Authentication of government forms, which serves to establish a chain of custody for government records, is required in deportation proceedings in order to satisfy due process. Iran v. INS, 656 F.2d 469, 472 (9th Cir.1981). Immigration forms may be authenticated "through some recognized procedure, such as those required by INS regulations or the Federal Rules of Civil Procedure." Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995).
 
 
 10
 In Espinoza, we held that certification of a Form I-213 by an INS district director conformed to Fed.R.Civ.P. 44 and to 8 C.F.R. Sec. 287.6(a), and, thus, satisfied the due process requirement set forth in Iran. Id. Here, the Los Angeles INS Acting District Director certified Sanchez-Moreno's Form I-213. Therefore, Sanchez-Moreno's contention that her Form I-213 was improperly authenticated lacks merit. See id.
 
 2. Hearsay
 
 11
 Administrative proceedings are not bound by strict rules of evidence. Baliza v. INS, 709 F.2d 1231, 1233 (9th Cir.1983). In the context of a deportation hearing, the only limitation upon its procedure is that a hearing, though summary, be fair. Id. (quotation omitted). Thus, hearsay evidence may be admitted if the evidence is probative and its admission is fundamentally fair. Trias-Hernandez v. INS, 528 F.2d 366, 369 (9th Cir.1975).
 
 
 12
 In Trias-Hernandez, we held that a Form I-213 is probative on the issue of entry, and its admission is fair absent evidence that the statements are not those of the petitioner or that they were the result of coercion. Id. More recently, we held that a Form I-213 was admissible because "information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien." Espinoza, 45 F.3d at 311.
 
 
 13
 Here, although Sanchez-Moreno initially contended to the BIA that the statements contained on the Form I-213 were obtained through coercion, she has dropped this contention in the instant petition. She did not, moreover, present any evidence at the deportation hearing which suggested that the statements on the Form I-213 either were not her own, or that they were unreliable. In fact, the information on the Form I-213 is virtually identical to the information contained on the Form I-256A, Sanchez-Moreno's application for suspension of deportation, including her name, date and place of birth, physical description, date and place of entry into the United States, and the number and nationality of her children. Thus, Sanchez-Moreno's contention that the Form I-213 contained inadmissible hearsay lacks merit. See id.
 
 3. Cross-Examination of Form Preparer
 
 14
 The IJ was not required to permit cross-examination of the Form I-213's preparer. Espinoza, 45 F.3d at 311 (where "we have a government document in which a government agent simply has noted a person's alienage, presumably from information out of the alien's mouth," the government agent "cannot be presumed to be an unfriendly witness or other than an accurate recorder"). Moreover, "[e]stablishing an automatic right to cross-examine the preparers of such documents would place an unwarranted burden on the INS." Id. Therefore, Sanchez-Moreno's contention lacks merit.
 
 
 15
 B. Eligibility For a Suspension of Deportation
 
 
 16
 Sanchez-Moreno contends that the BIA erred by ruling that she was ineligible for a suspension of deportation. This contention lacks merit.
 
 
 17
 In general, to be eligible for a discretionary grant of a suspension of deportation, the alien must show that: "(1) [she] has been continuously present in the United States for seven years, (2) [she] is of good moral character, and (3) deportation would result in extreme hardship to the alien or to [her] United States citizen resident spouse, parent, or child." Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). Each of these factors must be satisfied before an alien is eligible for suspension of deportation. See id.; 8 U.S.C. Sec. 1254(a). We review the BIA's finding of statutory ineligibility under a substantial evidence standard. Id.
 
 
 18
 Here, Sanchez-Moreno concedes that she was not of good moral character when she applied for the suspension of deportation, because her conviction for false imprisonment was a crime of moral turpitude and resulted in her confinement for more than 180 days. Accordingly, the BIA did not err by affirming the IJ's determination that she was statutorily ineligible for suspension of deportation.
 
 
 19
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sanchez-Moreno's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3