999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clement C. NWABUEZE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70031.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 22, 1993.
 
 Before: WRIGHT, FLETCHER AND CANBY, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clement C. Nwabueze petitions pro se for review of a decision of the Board of Immigration Appeals (BIA) that was entered after a remand from this court. On remand, the BIA again denied Nwabueze's application for suspension of deportation and his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1105a(a), and we affirm.
 
 
 3
 We vacated the BIA's prior decision because it failed to give explicit consideration to the non-economic consequences of breaking up Nwabueze's family, in the event he were deported to Nigeria. Nwabueze v. INS, No. 91-70419, slip. op. at 5-6, 7 (9th Cir. Sept. 24, 1992) (Nwabueze I ) (unpublished disposition). We observed that the emotional impact of a separation is relevant to whether an "extreme hardship" exists that might justify suspending deportation. Id. at 4-5 (interpreting 8 U.S.C. § 1254(a)(1)). We further noted that identifying the equities in favor of and against reopening required an examination of the separation factor. Id. at 6 (applying Jen Hung Ng. v. INS, 804 F.2d 534, 538 (9th Cir.1986)). Nwabueze's current wife and stepson are each American citizens, and might well remain in the United States if he were deported.
 
 
 4
 We are satisfied that the BIA considered the separation factor on remand. The BIA examined the record for evidence which described the emotional ties that bind Nwabueze and his family. It gave Nwabueze an opportunity to present additional evidence. [See C.A.R. 12; C.A.R. 14-17; Pet. Brief 12-14.] Although he made new arguments challenging his deportability, he added nothing new about his relationship with his family. Nwabueze bore the burden of demonstrating extreme hardship and that he merits discretionary relief. See Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986) (involving application for suspension); INS v. Abudu, 485 U.S. 94, 110 (1988) (involving motion to reopen).
 
 
 5
 The record, as it stands, offers little to show that Nwabueze's deportation would have an extraordinary emotional impact upon his family. Mrs. Nwabueze stated in a one-page affidavit that "we need one another and we serve well as husband and wife in the marital union." [C.A.R. 185.] However, she described the consequences of separation specifically in economic terms. A minister and a friend each said Nwabueze is a "family man," but neither elaborated. [C.A.R. 5, 188.] Mrs. Nwabueze had filed a petition to permit her husband to stay in the United States, but that document implies nothing about the strength of their relationship. Finally, Nwabueze's own testimony described the potential impact of separation almost exclusively in terms of economic loss. [C.A.R. 142-147.]
 
 
 6
 Extreme emotional hardship involves more than the fact of separation itself and the usual degree of emotional distress that separation can be expected to cause. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Furthermore, a hardship finding requires proof of significant actual or potential injury. Id. We agree with the BIA that Nwabueze has failed to meet either criterion.
 
 
 7
 Accordingly, we affirm the BIA's decision that Nwabueze fails to qualify for suspended deportation under 8 U.S.C. § 1254(a)(1).[1] We further conclude that the BIA did not abuse its discretion in denying the motion to reopen. See Jen Hung Ng, 804 F.2d at 538. Nwabueze raises other challenges to his deportation, but we have either rejected them before or we now find them wholly without merit.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Even if Nwabueze were qualified for relief, we find no abuse of discretion in the BIA's decision to refuse to suspend his deportation. See INS v. Bagamasbad, 429 U.S. 24, 26 (1976) (per curiam) (BIA may avoid determining statutory eligibility if it determines petitioner merits no discretionary relief)
 
 
 [2]
 Those challenges include:
 Physical Presence Requirement
 Nwabueze contends that he is statutorily eligible for relief under 8 U.S.C. § 1254(a)(1) because he has been in the United States for a decade. The seven-year physical presence requirement contained in that section, however, is only one of three that Nwabueze must satisfy. Extreme hardship is the requirement at issue in this case. See id.
 Claim Under 22 C.F.R. Section 46.3(h)
 We rejected this claim in Nwabueze's first petition for review, in part because he failed to allege receipt from a departure control officer of an order described in that section. Nwabueze I, slip op. at 8 n. 2. The petition before us also lacks that allegation. The instructions on the reverse of an order to show cause are not equivalent to an order described in section 46.3(h).
 Authorized Employment
 We affirmed the BIA's rejection of this argument in our prior decision. Nwabueze I, slip op. at 8 n. 2.
 Bail Refund
 We rejected this argument in the prior appeal. Id.
 Credibility Finding
 We accepted the credibility determination in the prior appeal. Id., slip op. at 2-3.
 BIA Reliance on Hearsay
 Nwabueze misapprehends the nature of the BIA's alternative rulings. The BIA found that even if Nwabueze were eligible for suspended deportation, it would exercise its discretion to deny suspension. Assuming eligibility and denying suspension as an exercise of discretion was a permissible means of resolving this case. See Bagamasbad, 429 U.S. at 26.
 Due Process--Right to Be Heard
 Our review of the hearing transcript reveals that, contrary to Nwabueze's assertion, the immigration judge gave him numerous opportunities to explain himself and to prepare his case. [E.g., C.A.R. 219.]
 Use of Confidential Information
 Nwabueze asserts that his Fifth Amendment rights were violated when the INS used prior employment information he had provided on a legalization application to institute deportation proceedings against him. We previously rejected a variant of this argument that had been premised upon the INS' confidentiality rules. See Nwabueze I, slip op. at 8 n. 2. His argument that Miranda warnings were necessary also is unfounded. A lack of a Miranda warning fails to make a self-incriminating statement inadmissible when that statement is used in a deportation proceeding. United States v. Alderete-Deras, 743 F.2d 645, 648 (9th Cir.1984). Moreover, Nwabueze gave his statement voluntarily and was not in custody at the time he made it. Thus, there was no due process violation in using that statement to initiate deportation proceedings. See id. at 647.
 Due Process--Separate Prosecutorial/Adjudicatory Functions
 Nwabueze challenges the constitutionality of INS regulations which give a District Director authority to make a custody determination and set bail. See 8 C.F.R. § 242.2(c). Those regulations, however, afforded Nwabueze a right to have an immigration judge review the Director's decision. See id. § 242.2(d). Nwabueze apparently never exercised that right.
 Alienage Discrimination
 Nwabueze's reliance upon cases involving discrimination against aliens, e.g., Takahashi v. Fish & Game Comm'n, 334 U.S. 410 (1948), is misplaced. He has received treatment in these proceedings in accordance with the Immigration and Nationality Act and applicable regulations, and offers no showing that those provisions are unconstitutional as applied to him.
 Sixth Amendment--Hearing Location
 Nwabueze's Sixth Amendment argument lacks worth because it was he who decided against returning venue to Detroit. The immigration judge in Seattle had offered him that option so that he might be able to put up friendly witnesses and consult familiar counsel.
 Impartiality/Bias
 Nwabueze argues for the first time that the immigration judge was biased against him because the immigration judge believed that the man whose identification INS officers found upon Nwabueze was a criminal. We have reviewed the hearing transcript and find the charge of bias wholly without merit.
 We further DENY Nwabueze's motion to strike the BIA's brief and to obtain judgment by default.