83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie A. McDOWELL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70216.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leslie Alexander McDowell, a native and citizen of Jamaica, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order finding him deportable as charged as an alien convicted of an aggravated felony and a controlled substance violation pursuant to sections 241(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(2)(A)(iii) and (B)(i). We have jurisdiction under 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 We review de novo claims of due process violations in deportation proceedings. Burgos-Abril v. INS, 58 F.3d 475, 476 (9th Cir.1995). The BIA's interpretation of the Act is reviewed de novo. Lepe-Guitron v. INS, 16 F.3d 1021, 1024 (9th Cir.1994). However, the BIA's interpretation of the immigration laws is entitled to deference. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 4
 McDowell contends that: (1) his Fifth Amendment right against self-incrimination was violated because the IJ elicited McDowell's name and age prior to advising him of his right to counsel; (2) the BIA erred in determining that his alienage and deportability were established by Immigration and Naturalization Service ("INS") Form I-213 and certified conviction records because those documents were inadmissible as hearsay; and (3) his due process rights were violated because he did not receive a transcript of his deportation hearing. These contentions lack merit.
 
 
 5
 First, the Fifth Amendment right against self-incrimination does not attach in deportation proceedings, which are civil, not criminal, in nature, unless the answers would incriminate the alien in a criminal matter. United States v. Alderete-Deras, 743 F.2d 645, 647 (9th Cir.1984). Here, there was no evidence that providing his name and age to the IJ would have subjected McDowell to future criminal proceedings. Accordingly, there was no Fifth Amendment violation and the IJ was permitted to draw negative inferences from McDowell's refusal to testify. See id.
 
 
 6
 Second, a deportation hearing is "not bound by strict rules of evidence." Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995). Hearsay is admissible if it is "probative" and "fundamentally fair." Id. Here, both the conviction records and the Form I-213, Record of Deportable Alien, were authenticated pursuant to 8 C.F.R. § 287.6(a) and were, therefore, admissible. See Espinoza, 45 F.3d at 309-10; see also 8 C.F.R. § 3.41(b) (indicating that authenticated copies of conviction records are admissible before an IJ as evidence of a criminal conviction). The IJ was not required to permit McDowell to cross-examine the forms' preparers. Espinoza, 45 F.3d at 311.
 
 
 7
 Third, an alien must be given a reasonable opportunity to file a brief on his behalf before the BIA. See Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991). Here, McDowell was not denied due process because the immigration court mailed the transcript to his last known address and provided him 30 days in which to file a brief.
 
 
 8
 McDowell also contends that he is eligible for a waiver of deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c).[1] Because he has not presented this claim to the BIA, we do not reach the issue. However, in the exercise of discretion, we stay the mandate for 60 days from the filing of this memorandum to allow McDowell the opportunity to file a motion to reopen and to seek a stay of deportation from the BIA. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McDowell responded to the INS's contention that he is ineligible for section 212(c) relief in his late reply brief. We grant his request to file the brief late. See 9th Cir.R. 31-2.2(a)
 An alien must have seven years of lawful unrelinquished domicile to be eligible for section 212(c) relief. 8 U.S.C. § 1182(c); Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979) (holding that the seven years begins to run from the date the alien was admitted as a lawful permanent resident). Aliens who were legalized under section 245A of the Act, 8 U.S.C. § 1255a, can now include their lawful temporary residence in counting the seven years. Ortega de Robles v. INS, 58 F.3d 1355, 1360-61 (9th Cir.1995).
 Here, although McDowell was legalized under section 210 of the Act, 8 U.S.C. § 1160, the change in Ninth Circuit caselaw may have affected his eligibility for section 212(c) relief. See Ortega de Robles, 58 F.3d at 1359 n. 5 (indicating that section 210, 8 U.S.C. § 1160, is a provision similar to section 245A, 8 U.S.C. § 1255a); see also White v. INS, 75 F.3d 213, 215 & n. 3 (5th Cir.1996); but see Ortega de Robles, 58 F.3d at 1360 n. 6 (citing a BIA decision which found that "a crucial distinction exists between temporary residents under section 210 of the Act on the one hand, and aliens eligible for adjustment under section 245A").