Mauro Carino BUMATAY, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72362, A44–715–470.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Dec. 2, 2004.

Before BRUNETTI, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM**

Petitioner Mauro Carino Bumatay seeks review of a final order of removal issued by the Board of Immigration Appeals on May 23, 2003. In adopting the immigration judge's findings, the BIA found that Bumatay was removable under either of two statutes: 8 U.S.C. § 1182(a)(7)(A)(i)(I), for not possessing a valid unexpired immigrant visa, and 8 U.S.C. § 1182(a)(6)(C)(i), for willfully misrepresenting a material fact on his visa application. The IJ found that Bumatay's willful misrepresentation concerning his marital history, which he admitted during his hearing, satisfied either of these statutes. Bumatay's various efforts to circumvent this fact are unsuccessful.

Legal conclusions are reviewed *de novo. Azanor v. Ashcroft,* 364 F.3d 1013, 1018

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**340**

(9th Cir.2004). Findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

First, Bumatay asserts that his prior marriage had been terminated under Philippine law. Even if this were true, it would have no bearing on the fact that Bumatay lied on his application concerning his marital history. He next argues that the IJ erred in admitting an unauthenticated marriage certificate. Administrative hearings are not bound by strict rules of evidence. *Baliza v. INS,* 709 F.2d 1231, 1233 (9th Cir.1983) (citation omitted). The only limitation for admissibility is that the procedure be fair. *Id.* (citations omitted). Because Bumatay has failed to establish that the admission of the marriage certificate resulted in any prejudice, the admission was not erroneous.

Bumatay further contends that his constitutional rights were violated during an interview by an INS agent. Although it is true that an alien's involuntary statements may not be used against him in a deportation hearing, Bumatay has again failed to demonstrate that the IJ's decision would be different if the evidence in question were excluded. *United States v. Alderete-Deras,* 743 F.2d 645, 647 (9th Cir.1984).

For these reasons, we hold that a reasonable adjudicator would not be compelled to reach a contrary conclusion on the findings of fact, and we find no error of law.

**PETITION DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.