**Carlos Bartolome VASQUEZ–TRUJILLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74151.
Agency No. A77–123–487.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Sept. 26, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Edgardo Quintanilla, Attorney at Law, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Richard M. Evans, Susan Houser, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioner Vasquez–Trujillo (Vasquez) appeals the order of the Board of Immigration Appeals (BIA), upholding the Immigration Judge's (IJ) denial of Vasquez's Motion to Suppress and finding that Vasquez is removable. Vasquez argues that he was entitled to *Miranda* warnings before being questioned by the FBI and INS respecting the legality of his immigration status, that INS agents violated their own procedure as outlined in 8 C.F.R. § 287.3, and that the IJ violated his Fifth Amendment right to silence when he required Vasquez to disclose his country of origin. The facts and procedural history are known to the parties and we do not recount them here.

 It is settled law in this jurisdiction that deportation proceedings are civil, and not criminal, in nature. *See Trias–Hernandez v. INS,* 528 F.2d 366 (9th Cir. 1975); *United States v. Alderete–Deras,* 743 F.2d 645 (9th Cir.1984). Consequently, those Fifth and Sixth Amendment rights outlined in a *Miranda*-type warning are inapposite in the context of removal proceedings. Accordingly, we find that Vasquez was not entitled to a *Miranda*-type warning before voluntarily meeting in his home with FBI and INS agents and discussing the legality of his immigration status, and any relevant information the FBI and INS learned in the course of such meetings may form the basis for Vasquez's arrest and subsequent deportation proceedings. For similar reasons, we find

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that the IJ did not violate any of Vasquez's rights in requiring that he identify his country of origin during a deportation hearing. *Alderete–Deras,* 743 F.2d at 647–48.

We also find Vasquez's allegations that INS Agent Richins violated 8 C.F.R. § 287.3 to be without merit. Even assuming that there was a violation of the regulation, Vasquez has failed to demonstrate that he suffered any prejudice to his interests as a result, as he must demonstrate pursuant to our decision in *United States v. Calderon–Medina,* 591 F.2d 529 (9th Cir.1979).

**AFFIRMED.**