■ We hold that there was sufficient evidence to support the jury's award of damages on the breach of contract claim. *See Kellar v. Brown,* 101 Nev. 273, 701 P.2d 359, 359 (1985) (per curiam) (reviewing an award for compensatory and punitive damages to determine whether it was supported by "substantial evidence"); *Fuller v. Incopero,* 97 Nev. 448, 634 P.2d 452, 453–54 (1981) (per curiam) (same). Appellant argues that the damages were unjustified given that OMD–NV paid only $100,000 of the purchase price, but her argument misses the point of the contract—according to the jury's interpretation of the Agreement, the company agreed to pay $750,000 in collective consideration of both her forty-five percent stake in the company *and nineteen valid permit sets.* The appellees introduced evidence that the company lost substantial revenue due to the failure to transfer the permit sets to OMD–NV. Indeed, Herson himself testified that similar billboards would have generated approximately $5,000 in rent every month. In light of the testimony that OMD–NV received only two valid permit sets out of the nineteen that were to be transferred under the Agreement, we hold that the jury's award of $340,000 in damages was supported by substantial evidence.

■ Substantial evidence also supports the jury's award of $300,000 on the claim of conversion. Appellees presented ample testimony that Herson improperly used OMD–NV's corporate assets for personal pursuits. And while it is true that Karl

Park's estimates regarding the cumulative impact of Herson's malfeasance did not expressly refer to OMD–NV, as opposed to the Oregon corporation, a jury nonetheless could reasonably conclude that Kim's references to "the company" and to "OMD" pertained solely to OMD–NV. Kim's testimony generally related only to OMD–NV, and his references to the Oregon corporation were specifically identified as such. Further, as appellees noted at oral argument, the district court was careful to focus the jury's attention on documents pertaining only to the Nevada corporation. On this record, the evidence of conversion from OMD–NV's coffers supports the jury's award of damages.[1]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**Tuyet Thi TRAN, Petitioner,**

v.

---

1. Appellant correctly asserts that the inclusion of the Oregon corporation as a party to the lawsuit would have destroyed diversity, and that the district court would have lacked jurisdiction to hear a claim or uphold a jury's award of damages regarding the conversion of assets from the Oregon company. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). The district court did not lack jurisdiction, however, to admit evidence *relating* to the Oregon corporation. So long as there was substantial evidence to support an award of $300,000 as to OMD–NV— and we conclude that there was—the case

**Alberto GONZALES,\* United States Attorney General, Respondent.**

No. 03–71658.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided June 6, 2006.

Imran B. Mirza, Houston, TX, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILER,\*\* RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner Tuyet Thi Tran, a native and citizen of Vietnam and permanent resident

presents no jurisdictional problem, and the jury's verdict must be upheld.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to FED. R.APP. P. 43(c)(2).

\*\* The Honorable Eugene E. Siler, Jr., Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of the United States, petitions for review of the Board of Immigration Appeals'(BIA) streamlined affirmance of the Immigration Judge's (IJ) order of removal for committing a crime involving moral turpitude. She provided two statements to Immigration and Naturalization Services (INS) agents and testified during her removal hearing that she shot her co-worker Loc Tuan Le. Thus, the IJ ruled she admitted the essential elements of aggravated assault under Texas law, which the IJ found to be a crime of moral turpitude. We agree.

She argues that two statements provided to INS agents should have been suppressed because (1) she was the focus of a criminal investigation and therefore improperly denied counsel under 8 C.F.R. § 292.5(b); and (2) her statements were coerced. In addition, she argues that she did not admit the essential elements of a crime involving moral turpitude because she acted in self-defense.

■ First, Tran was not the focus of a criminal investigation. *See United States v. Alderete–Deras,* 743 F.2d 645, 647 (9th Cir.1984). Thus, she had no right to counsel under 8 C.F.R. § 292.5(b). *Trias–Hernandez v. INS,* 528 F.2d 366, 368–69 (9th Cir.1975). In addition, Tran provides no specific evidence to determine whether her statements to INS agents were coerced other than a strip search that occurred prior to her second interview. As she does not allege the strip search was improper, we cannot impute that it later coerced her second statement. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

■ Second, Tran admitted that she intended to hurt and shoot her co-worker, thereby establishing the elements of aggravated assault under Texas law. Texas Penal Code, Chapter 22, § 22.01(a)(1). *See Pazcoguin v. Radcliffe,* 292 F.3d 1209, 1213–15 (9th Cir.2002). The IJ ruled that

her action was more akin to premeditated assault because she planned to shoot her co-worker because of an argument and therefore she could not have prevailed on her self-defense claim. Nevertheless, she provided conflicting accounts in her statement of March 20, 2000, and her trial testimony was sufficient to support the IJ's finding that her self-defense claim was implausible. *See id.* at 1211. Accordingly, the testimony during the IJ's hearing is sufficient to support the finding that Tran admitted acts which constituted aggravated assault under Texas law.

Finally, her claims as to the statute of limitations or that a crime involving moral turpitude must be currently actionable are without merit. *See id.* at 1216.

**PETITION DENIED.**

Art NAVARRO, Plaintiff—Appellant,

v.

EAGLE MOUNTAIN CASINO; the Tule River Gaming Commission, aka Tribal Gaming Agency also known as Tribal Gaming Agency; The Tule River Tribal Council of the Tule River Indian Tribe; Neil Peyron; Philip D. Hunter; M. Garfield; Linda S. Santos; Evelyn Hunter; Alec Garfield; Vincent Burrough, Yolanda Gibson; Joey Garfield; Ralene Clower; Gary Santos, Defendants—Appellees.