Pedro ARENAS–CELAYA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73596.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed Dec. 12, 2006.

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Melissa Neiman–Kelting, DOJ–U.S. Department of Justice Civil Div./Office of Im-

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

migration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Petitioner Pedro Arenas–Celaya, a native and citizen of Mexico, was deemed removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and (a)(1)(A). He requested a waiver of deportation as provided by § 212(c) of the Immigration and Nationality Act.[1] 8 U.S.C. § 1182(c). The immigration judge ("IJ") denied § 212(c) relief, and the Board of Immigration Appeals affirmed. Petitioner timely petitioned for review.

We are precluded from reviewing discretionary orders under § 212(c) by 8 U.S.C. § 1252(a)(2)(B)(ii). We retain jurisdiction over constitutional claims even in the context of such discretionary decisions. 8 U.S.C. § 1252(a)(2)(D). Petitioner raises no colorable due process claim in his petition for review. His first argument, that the IJ drew an improper adverse credibility inference from his refusal to testify regarding certain criminal arrests, is unsupported by law. *See United States v. Alderete–Deras*, 743 F.2d 645, 647 (9th Cir. 1984) (holding that "[a]lthough an alien may assert his fifth amendment right to refuse to answer questions in a deportation hearing if the answers would incriminate him on a criminal matter, his refusal to testify may form the basis of inferences

against him in the deportation proceeding" (citation omitted)). Second, Petitioner argues that the IJ improperly considered past criminal convictions, but he fails to show that such consideration prejudiced him in light of the record and his burden to demonstrate heightened equities to counterbalance his proven drug-trafficking offense. *See Arreola–Arreola v. Ashcroft*, 383 F.3d 956, 962 n. 9 (9th Cir.2004) (noting that an alien needs to show prejudice to obtain relief for a violation of due process rights in immigration proceedings). Petitioner's final argument asserts only that the IJ improperly weighed the evidence.

Petitioner raises no colorable argument that he was deprived of a full and fair hearing. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("Although we retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). We therefore dismiss the petition.

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–597

(1996). However, in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that an otherwise qualified lawful permanent resident retains eligibility to obtain a § 212(c) waiver of certain convictions to which the person pleaded guilty before the enactment of the IIRIRA.