**Haeng Jun KIM; Sang Hee Kim Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–70275.

INS Nos. A71 806 984, A71 806 985.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided May 8, 2002.

Before WARDLAW and W. FLETCHER, Circuit Judges, and WHYTE,* District Judge.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' dismissal of Petitioners' appeal from an order of deporta-

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

tion. Petitioners are Haeng Jun Kim and his sister, Sang Hee Kim.

In a deportation proceeding, the government must prove alienage by clear, unequivocal and convincing evidence. *Woodby v. INS,* 385 U.S. 276, 285, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). The government must prove alienage by evidence of foreign birth before the burden shifts to the petitioner to rebut by demonstrating legal entry. *Ramon–Sepulveda v. INS,* 743 F.2d 1307, 1308 n. 2 (9th Cir.1984). The standard of review on appeal is whether the deportation order is supported by reasonable, substantial and probative evidence on the record considered as a whole. *Murphy v. INS,* 54 F.3d 605, 608 (9th Cir. 1995).

In this case, the hearing before the Immigration Judge proceeded in two phases, the deportation hearing and, immediately following, a hearing on Petitioners' applications for voluntary departure. During the deportation phase, the government introduced the Records of Deportable Alien (Forms I–213), which evidenced that Petitioners were born in Korea and entered the country without inspection. Both Kims were called as witnesses by the government, but both asserted their Fifth Amendment privileges and refused to testify. Neither petitioner offered any affirmative evidence on their behalf to contest the government's case. As a result, based upon the evidence provided by the I–213 forms in conjunction with an adverse inference drawn against Petitioners resulting from their assertion of their Fifth Amendment privileges, the Immigration Judge found that the government had met its burden and had established alienage and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

deportability by clear, convincing and unequivocal evidence.

The hearing then proceeded to consideration of Petitioners' applications for voluntary departure. During this portion of the hearing, both Petitioners testified, making some concessions but also continuing to assert their Fifth Amendment privileges with regard to certain questions. Two important concessions were: first, by Ms. Kim, that she had first entered the United States in July of 1990; and second, by Mr. Kim, that both he and his sister entered the country illegally, without permission or inspection. The Immigration Judge denied Petitioners' applications for voluntary departure, in part based on the continued assertions of the Fifth Amendment privilege, and ordered Petitioners to be deported.

On appeal, the BIA concluded that the Immigration Judge did not err in admitting the I–213 forms, specifically finding the forms were probative and their use was fundamentally fair:

We find the Records of Deportable Alien in this case to be probative and their use fundamentally fair. The documents indicate that the respondents entered the United States without inspection from Mexico in July of 1990. Initially, each respondent invoked the privilege against self-incrimination under the Fifth Amendment of the United States Constitution at their hearings and refused to testify regarding any aspect of his or her entry and deportability. Later in the hearing, the female respondent testified that she entered the United States in July of 1990. The male respondent then admitted that he and his sister entered the United States from Mexico without inspection. Furthermore, the respondents have presented no testimony or evidence that the information on either Form I–213 was incorrect or was

obtained by coercion or duress. We have found that, absent any evidence that a Form I–213 contains information that is incorrect or was obtained by coercion or duress, the document is inherently trustworthy and admissible as evidence to prove alienage or deportability.

We, therefore, conclude that respondents' concessions, and the information on the Forms I–213, taken together, constitute clear, unequivocal, and convincing evidence that the respondents are deportable as charged.

■ Petitioners primarily argue that the BIA and Immigration Judge erred in finding the I–213 forms to be admissible and probative on the issue of deportability. The test for admissibility of evidence in immigration proceedings is whether the evidence is probative and whether its use is fundamentally fair so as to not deprive the alien of due process. *Trias–Hernandez v. INS,* 528 F.2d 366, 369 (9th Cir. 1975). The strict rules of evidence do not apply. *Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995). The INS may prove alienage with an authenticated I–213 Form. *Lopez–Chavez v. INS,* 259 F.3d 1176, 1181 (9th Cir.2001); *Espinoza,* 45 F.3d at 311. The forms offered into evidence at the hearing before the Immigration Judge were certified copies of the I–213 forms from the INS records. No authenticity challenge was made. Petitioners' only challenges to the admission of the I–213 forms were that the forms were not probative and that the forms contained hearsay evidence. Although there is some question regarding what information, if any, contained within the I–213 forms was obtained from the Petitioners themselves, there was no error in admitting the forms.

■ Once the I–213 forms were properly authenticated and the ground for admissibility established, Petitioners then had

the burden of establishing a basis for exclusion. Petitioners thus had the burden of coming forward with evidence to challenge the accuracy of the forms, or to establish that their entry into this country was legal. *Espinoza*, 45 F.3d at 311; *Tejeda–Mata v. INS*, 626 F.2d 721, 726 (9th Cir.1980). Petitioners offered no evidence to challenge the accuracy of the forms or the reliability of the information recited in the forms, such as that the information was obtained through coercion or duress. Petitioners failed to meet their burden of establishing a basis for excluding the evidence. Accordingly, there was no error in admitting the I–213 forms, and there was no error in relying on the forms as evidence of Petitioners' alienage.

The BIA's decision affirming the order of deportation recites that it relied on the I–213 forms as well as concessions made by the Petitioners. Petitioners read this language to mean that the BIA took the I–213 forms to be admissions of Petitioners. The concessions referred to in the BIA decision, however, are identified as Petitioners' testimony during the voluntary departure hearing that Ms. Kim first entered the country in 1990 and that both Mr. Kim and his sister entered the country illegally.

Petitioners suggest that it was improper for the BIA to have considered concessions made during the voluntary departure hearing in deciding whether to affirm the order of deportation. The sole authority cited is the regulation then in effect, 8 C.F.R. § 242.17(e), which provided that "[a]n application under this section shall be made only during the hearing and shall not be held to constitute a concession of alienage or deportability in any case in which the respondent does not admit his alienage or deportability." A similar provision is presently codified at 8 C.F.R. § 240.49(e). Petitioners' argument is unconvincing, however, because even if it was error for the BIA to have considered Petitioners' concessions during the voluntary departure hearing, the error was harmless. *See Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993) (under harmless error analysis "violation of INS regulation will only invalidate deportation proceedings where the violation prejudices the interests of the alien"); *Ramirez–Gonzalez v. INS*, 695 F.2d 1208, 1211 (9th Cir.1983) (applying harmless error analysis). The unrefuted evidence from the Forms I–213 is sufficient in and of itself to establish alienage and deportability. The adverse inference drawn from Petitioners' assertions of their Fifth Amendment privileges bolsters the same conclusion.

The petitions are DENIED.