Antonio **SANCHEZ–CARDENAS,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–72592.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2007 *.

Filed March 30, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

582

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM **

Antonio Sanchez–Cardenas ("Petitioner") petitions for review the Board of Immigration Appeals's ("BIA") denial of his motion to remand and its affirmance of the Immigration Judge's ("IJ") order of removal and denial of his motion to suppress. Because the facts are known to the parties, we do not review them here.

■ Because Petitioner raises them for the first time on appeal to this court, we do not have jurisdiction to consider whether the IJ's alleged procedural errors in failing to hold evidentiary hearings violated Petitioner's rights under the Fifth Amendment and 8 U.S.C. § 1229a(b)(4)(B). See Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir.2004). For the same reason, we cannot consider his argument that the IJ's reliance on the I–213 violated his con-

** This disposition is not appropriate for publication and is not precedent except as provid-

frontation rights under the Fifth Amendment and 8 U.S.C. § 1229a(b)(4)(B). See id.

■ Petitioner argues that the BIA abused its discretion in denying his motion to remand for entry of an order in conformity with 8 U.S.C. § 1229a(c)(1)(A) and 8 C.F.R. §§ 1003.37(a), 1240.12(a). The BIA held that the IJ's one-sentence removal order "must be read in conjunction with" the earlier order finding Petitioner removable. Cf. 8 C.F.R. § 1240.12(c). Petitioner's claim fails because he has not presented any evidence or argument that his interests protected by the regulations were prejudiced by the manner in which the orders were entered. See Kumar v. Gonzales, 439 F.3d 520, 523–24 (9th Cir. 2006). Nor has he argued that the agency's regulations are clearly contrary to the plain meaning of the statute.

■ Despite Petitioner's failure to raise the issue, the BIA addressed and found harmless the IJ's failure to amend the marking on the I–213 to reflect that it had been admitted into evidence. Even if Petitioner's claim regarding the failure to mark the I–213 as admitted were deemed exhausted, the claim would fail for want of prejudice because Petitioner has not presented any evidence or argument that his interests were prejudiced by the marking error. See id.

■ The BIA did not err in affirming the denial of Petitioner's motion to suppress. Petitioner's only evidence was his own two-page declaration. The events recounted in this declaration were insufficient to establish that any Fourth Amendment violation had occurred, let alone an

ed by 9th Cir. R. 36–3.

egregious one. *See Orhorhaghe v. INS,* 38 F.3d 488, 501 (9th Cir.1994).

 Petitioner's *Miranda* argument fails because a warning was not required. *See Trias–Hernandez v. INS,* 528 F.2d 366, 368–69 (9th Cir.1975).

 Petitioner argues that his detention by the police for six days after charges against him were dismissed violated 8 C.F.R. § 287.7(d). This argument fails because he does not prove he was detained pursuant to a detainer. He also asserts in passing that the detention violated his rights under the Fourth and Fifth Amendments. He offers neither authority nor argument in support of these claims. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).

The petition is **DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.