**Ramon TRIAS–HERNANDEZ,**
**Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 74–2730.

United States Court of Appeals,
Ninth Circuit.

Dec. 31, 1975.

Ronald H. Bonaparte, Los Angeles, Cal., for petitioner.

Michael E. Wolfson, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

OPINION

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Of the three issues raised by petitioner in this deportation case, we need to discuss but one: Was there error by the Immigration Judge in admitting in evidence two documents, one a statement given to a government agent by petitioner while in custody and without counsel present and the other some departmental memoranda prepared by persons not subject to cross-examination. We affirm the deportation order and denial of voluntary departure.

Petitioner, a citizen of Mexico, entered the United States for permanent residence on an immigrant visa in 1958. He was apprehended in 1972 at his place of employment by INS officers and interrogated. Before the questioning, he produced a Form G–28 (Notice of Entry of Appearance as Attorney or Representative) and a letter from an attorney who said that he was assisting the petitioner.

Thereafter, he told INS officers that he had left the United States in 1961 while tubercular, had attempted unsuccessfully to re-enter in 1961 and again in 1963 and last entered 10 days before apprehension with neither inspection nor immigration documents. The information was noted on Form 1–213 (Record

of Deportable Alien), which also contained an acknowledgment the alien had the Form G–28 and attorney's letter. It recited that petitioner was permitted to communicate with his attorney.

Based on the statements on Form 1–213, there was issued an order to show cause charging illegal entry and deportability under 8 U.S.C. § 1251(a)(2). At the deportation hearing, petitioner remained silent on advice of counsel. There was strenuous objection by counsel to the use of the information in Form 1–213 and to three other documents. The Immigration Judge overruled the objections, found petitioner deportable and denied his application for voluntary departure. The Board of Immigration Appeals dismissed petitioner's appeal.

■ The admissibility of Form 1–213 is crucial for without it the INS cannot prove that petitioner is in the United States in violation of law. To meet his statutory burden of showing lawful entry (8 U.S.C. § 1361) petitioner offered in evidence his 1958 visa and "green" card. The burden then shifted to respondent to show by clear, convincing and unequivocal evidence that petitioner was deportable. *Woodby v. INS,* 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). The production of the documents in question was vital to a finding of deportability.

Petitioner argues that the Form 1–213 was inadmissible because: (1) he was not advised of his rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before making the statements on the form; (2) the INS did not comply with its own regulation, 8 C.F.R. § 287.3, before taking the statement; (3) it was inadmissible hearsay; and (4) no interpreter was present during the interrogation. The Immigration Judge admitted the form in evidence over objection and we agree with that ruling.

The argument for inadmissibility because the interview was not preceded by *Miranda* warnings assumes that petitioner was in custody at that time. The record is unclear on this point. But even

if we determined that petitioner's position was such that in a criminal context *Miranda* warnings would have been required, we have never held that such warnings would be necessary in circumstances similar to these. *See Gonzalez-Gomez v. INS,* 450 F.2d 103, 105 n. 4 (9th Cir. 1971).

We said in *Lavoie v. INS,* 418 F.2d 732, 734 (9th Cir. 1969), that "the presence of counsel during interrogation, and other Sixth Amendment safeguards, are not applicable" to deportation proceedings. *See also Nason v. INS,* 370 F.2d 865, 867–68 (2d Cir. 1967); *Pang v. INS,* 368 F.2d 637, 639 (3d Cir. 1966). The principal rationale for our decision in *Lavoie* was that these cases are civil rather than criminal in nature and rules for the latter are inapplicable to deportation proceedings. *Lavoie, supra* at 734. Although the consequences of deportation may be severe, the civil nature of the proceeding has been consistently upheld. *See, e. g., United States v. Gasca-Kraft,* 522 F.2d 149, 152 (9th Cir. 1975); *Chavez-Raya v. INS,* 519 F.2d 397, 400–401 (7th Cir. 1975), and the cases cited therein.

■ The civil nature of a deportation proceeding is significant here. As outlined by the Seventh Circuit the substantial distinctions between a deportation proceeding and a criminal trial make *Miranda* warnings inappropriate in the deportation context:

A principal purpose of the *Miranda* warnings is to permit the suspect to make an intelligent decision as to whether to answer the government agent's questions. [Citations omitted.] In deportation proceedings, however— in light of the alien's burden of proof, the requirement that the alien answer non-incriminating questions, the potential adverse consequences to the alien of remaining silent, and the fact that an alien's statement is admissible in the deportation hearing despite his lack of counsel at the preliminary interrogation—*Miranda* warnings would be not only inappropriate but could also serve to mislead the alien.

*Chavez-Raya, supra* at 402. Form 1–213 containing petitioner's statements was admissible despite the absence of *Miranda* warnings.

■ Petitioner next argues that regardless of the constitutional necessity of providing such warnings, the INS by its regulation has imposed on its officers the duty of giving these warnings. Failure to follow this regulation, petitioner contends, requires exclusion of Form 1–213.

8 C.F.R. § 287.3 requires that:

An alien . . . be advised of the reason for his arrest and his right to be represented by counsel of his own choice at no expense to the Government. He shall also be advised that any statement he makes may be used against him in a subsequent proceeding and that a decision will be made within 24 hours or less as to whether he will be continued in custody. . .

The language of the regulation neither requires specifically the use of *Miranda* warnings nor does it provide for comparable admonitions. The absence of *Miranda* warnings, contrary to petitioner's contention, did not violate 8 C.F.R. § 287.3.[1]

■ The objection to the form as hearsay is also without merit. The INS officer who completed and signed it testified that he had no present recollection of taking the statement. He did, however, identify the form as one that he had prepared contemporaneously with the making of the statement by petitioner.

We have said:

Hearsay is admissible in administrative proceedings, which need not strictly follow conventional evidence rules. [Citations omitted.] The tests for admissibility are fundamental fair-ness and probativeness. [Citation omitted.]

*Martin-Mendoza v. INS*, 499 F.2d 918, 921 (9th Cir. 1974).

Form 1–213 meets both tests. It was obviously probative on the the issue of petitioner's entry into the United States. Under Rule 803(5) of the Federal Rules of Evidence for United States Courts and Magistrates, "Recorded Recollection," the form could have been read into the record at a court trial. Moreover, there is no evidence that the statements were not those of the petitioner or that they were the result of coercion. The admission of the document was fundamentally fair.

■ The final objection to the form is that there was no official interpreter present when the statements were made. The record is ambiguous. We do not know if petitioner speaks English or if the INS officer was fluent in Spanish.

This record is not comparable to that in *Gonzalez-Gomez, supra,* where the petitioner's illiteracy and inability to speak English were clear; and this court said the interview "was clearly subject to misunderstanding an [sic] inaccuracy." 450 F.2d at 105. Moreover, petitioner had the opportunity at the deportation hearing to dispute his understanding of the questions put to him and the accuracy of his answers at the earlier interrogation. If there were errors in the statement he could have corrected them. *See Strantzalis v. INS*, 405 F.2d 1016, 1017 (3d Cir. 1972). The lack of an interpreter at the initial questioning does not compel a conclusion on the basis of this record that the use of the statement at the deportation hearing was fundamentally unfair.

■ Petitioner also objected to the introduction in evidence of documents from his administrative file which indicated that he was in Mexico in 1961.

1. 287.3. Moreover, it appears that Petitioner was shown or had read to him Form 1–214 which contained the full *Miranda* warnings. Petitioner refused to sign this form. Since we hold that *Miranda* warnings were not required in this situation, we need not determine the effect of Petitioner's refusal to sign this form. *See United States v. Boston*, 508 F.2d 1171, 1175 (2d Cir. 1974).

**370**

These were a medical certificate stating that petitioner was suffering from tuberculosis, a service memo, and a call-in letter addressed to him in Mexico. He contends that it was error to admit them because they lacked probative value and their authors were not present at the hearing.

Since the documents tended to corroborate a key portion of the statement in Form 1–213, petitioner's return to Mexico in 1961 for health reasons, their relevance is undeniable. Nor does the lack of foundation testimony by live witnesses in a deportation hearing necessitate reversal. *Hernandez v. INS*, 498 F.2d 919, 921 (9th Cir. 1974); *Marlowe v. INS*, 457 F.2d 1314, 1315 (9th Cir. 1972). Without evidence to indicate the need to have these witnesses present, we cannot say that their absence was so fundamentally unfair so as to violate due process.

Our standard on review of a deportation order, fixed by 8 U.S.C. § 1105a(a)(4), is limited to determining that the agency's order is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Lavoie*, 418 F.2d at 735. From the Form 1–213 and the corroborative documents it was found that petitioner left the United States in 1961 and re-entered in 1972 without inspection or proper documentation. This finding is supported by substantial, probative evidence and will not be overturned by this court.

■ Under 8 U.S.C. § 1361, petitioner bore the burden of proof on the issue of legal entry. Since he offered no evidence to rebut the evidence of illegal entry in 1972, the order of deportability must be affirmed.

■ Petitioner also appeals the denial of the privilege of voluntary departure. 8 U.S.C. § 1254(c). He presented no evidence in support of his eligibility, contending that there existed sufficient information in his administrative file to support the application. The petitioner bears the burden of proof to establish eligibility for voluntary departure. *Khalaf v. INS*, 361 F.2d 208 (7th Cir. 1966). Good moral character of the alien is a prerequisite. Since no evidence of that was presented, it was not an abuse of discretion to deny him the status of voluntary departure.

The petition for review of the Service's order of deportation is denied and the order is affirmed.