46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Catlin JANJAC and Ansly Janjac, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70479.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1994.
Decided Jan. 10, 1995.
 
 Before: FLETCHER, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Catlin and Ansly Janjac seek review of a deportation order upheld by the Board of Immigration Appeals (BIA). The Janjacs contend that the immigration judge improperly admitted an Immigration and Naturalization Service (INS) form at their deportation hearing, and erred in denying them a continuance of the hearing. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we affirm.
 
 BACKGROUND
 
 3
 Catlin and Ansly Janjac, mother and son, were detained by the INS on October 21, 1991, near Key West, Florida. The INS instituted deportation proceedings, alleging that the Janjacs were Haitian citizens who entered the country without inspection, in violation of 8 U.S.C. Sec. 1251(a)(1)(B).
 
 
 4
 At a deportation hearing on June 1, 1992, Catlin Janjac denied the INS charge. Over the Janjacs' attorney's objection, the immigration judge admitted into evidence a "Form I-213," Record of a Deportable Alien, for each of the Janjacs. Border agents fill out Form I-213's when they apprehend suspected illegal aliens. The forms contain identifying information, including information as to alienage, as well as the circumstances of entry.
 
 
 5
 The Janjacs' attorney claimed that the Form I-213's had not been properly authenticated and were unreliable. Specifically, he contended that Catlin Janjac's gender and city of birth were not identified on the form, and that the narrative on both forms was conclusory and failed to state the source of information about the Janjacs' citizenship. Because the narrative on the forms was identical, he suggested that the forms had not been prepared by the different border agents who signed them.
 
 
 6
 The immigration judge held that the forms had been properly authenticated, and that the remaining challenges went to the weight rather than the admissibility of the evidence. Neither the Janjacs nor the INS presented any other evidence at the hearing. The immigration judge ordered the Janjacs deported to Haiti.
 
 
 7
 The Janjacs then indicated that they would file applications for asylum and withholding of deportation. The immigration judge set a June 18 deadline for the applications. However, on that date the Janjacs' attorney failed to file the applications, and instead requested reconsideration of the deportation order based upon two additional grounds for challenging the reliability of the Form I-213's. First, he noted that the dates of birth listed on the forms--1971 for Catlin Janjac and 1977 for Ansly Janjac--were necessarily inaccurate if the Janjacs were mother and son. Second, he pointed out that Ansly Janjac's form listed his mother's name as "Maria."
 
 
 8
 The INS requested a continuance to respond. The immigration judge scheduled another hearing for July 2, and indicated that the Janjacs would face automatic deportation and forfeiture of any claims for relief from deportation, including asylum, if they failed to attend. Nonetheless, neither the Janjacs nor their attorney appeared at the assigned time.
 
 
 9
 Two days earlier, the Janjac's attorney had requested a continuance because of a scheduling conflict. The immigration judge denied the request on the grounds that (1) it did not comply with a local INS rule requiring such motions to be submitted two weeks in advance, and (2) it did not indicate why substitute counsel was unavailable. Proceeding in absentia, the immigration judge found that the Janjacs had been given a full and fair opportunity to apply for relief from deportation, and had abandoned their applications for relief. He issued a final deportation order.
 
 
 10
 In their appeal to the BIA, the Janjacs renewed their claim that the Form I-213's had been improperly admitted because they had not been properly authenticated, and contained omissions and errors. They also claimed that the immigration judge had improperly refused to grant them a continuance.
 
 
 11
 The BIA dismissed both claims. It noted that the Janjacs had submitted no evidence to rebut the presumption of regularity that attached to Form I-213's. For example, while claiming that the forms were inaccurate, they had not produced any evidence of Ansly Janjac's age or the identity of his parents. The BIA also found that other information omitted from the forms, such as details of employment, was inapplicable. Because the Janjacs had failed to contradict material information on the forms, the BIA held that the INS had established their deportability by clear and convincing evidence.
 
 
 12
 The BIA also found that the judge had acted within his discretion in denying a continuance, and that the Janjacs had not been denied a full and fair hearing in their efforts to contest their deportation. The BIA held that the Janjacs had not been prejudiced because (1) the judge had already found them deportable, (2) there was no indication that they would produce further evidence challenging that finding, and (3) they had failed to file timely applications for relief from deportation. In addition, the BIA said that the motion for a continuance had been filed late, and that the Janjacs had not shown that substitute counsel was unavailable. Finally, it found the failure of the Janjacs to appear at the July 2 hearing inexcusable, and an appropriate ground for abandonment of a claim for relief.
 
 
 13
 The Janjacs filed this appeal.
 
 DISCUSSION
 
 14
 The only items of evidence of deportability in this case were the Form I-213's, which stated that the Janjacs were Haitian citizens who had entered the United States without inspection. The Janjacs claim that this evidence was insufficient to establish deportability because the forms were neither properly authenticated nor accurate. We disagree.
 
 
 15
 While INS forms must be properly authenticated, Iran v. INS, 656 F.2d 469 (9th Cir.1981), the Janjacs' forms were accompanied by certificates from the INS acting district director in Los Angeles stating that the forms were copies of originals obtained from the Janjacs' INS files. This satisfies Iran.
 
 
 16
 The Janjacs contend that more is required because the INS Los Angeles district director certified the forms five months and several thousands miles from the time and place of the forms' preparation. This is irrelevant because authentication allows an official with authority but not firsthand knowledge of a document to vouch for it.
 
 
 17
 Once these official forms were properly authenticated, they were presumed trustworthy because of an assumption that public officials "perform their duties properly without motive or interest other than to submit accurate and fair reports." Keith v. Volpe, 858 F.2d 467, 481 (9th Cir.1988), cert. denied, 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). The only test for admission of Form I-213's is whether they are probative and their admission is fundamentally fair. Trias-Hernandez v. INS, 528 F.2d 366, 369 (9th Cir.1975). A Form I-213 is probative on the issue of alienage, and its admission is fair absent evidence that the statements were coerced or not made by the petitioners. Id.
 
 
 18
 The Janjacs repeat the problems that they identified at their deportation hearing: that different officers could not have completed forms with identical language, that the wrong name of Ansly Janjac's mother is shown, that his gender is not indicated, and that the ages are incompatible with those of a mother and son.[1]
 
 
 19
 These alleged errors are immaterial. The forms were probative on the material issues of the Janjacs' alienage and method of entry. Because the Janjacs have offered no evidence that they are not Haitian citizens who entered the country legally, admission of the forms was fair.
 
 
 20
 The Janjacs also contend that the immigration judge should not have deported Ansly Janjac based on his Form I-213 because he is a minor and was not represented or accompanied during the form's preparation. However, as the BIA pointed out, the record contains no evidence that supports Ansly's claim that he was unaccompanied during his interview. Thus, the BIA did not err in refusing to question the reliability of Ansly's Form I-213 on this basis.
 
 
 21
 Because the Form I-213's were admissible and the Janjacs failed to submit any contradictory evidence of alienage or means of entry, the INS met its burden of demonstrating by clear and convincing evidence that they were deportable.
 
 
 22
 The Janjacs argue that the immigration judge abused his discretion in denying their motion for a continuance because their attorney had another commitment at the same time. Continuances in immigration hearings may be granted for "good cause." 8 C.F.R. Sec. 3.29, 242.13. However, the decision to grant or deny a continuance is within the "sound discretion" of the immigration judge, and will be reversed only if "there is a clear showing of abuse of that discretion." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988); Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985).
 
 
 23
 While there is some question whether the requirement of two-weeks' advance notice of a request for a continuance was applicable, we need not decide this issue. Because the Janjacs have not identified any additional evidence that they would have presented to the immigration judge if the continuance had been granted, they have shown no prejudice. In addition, they had plenty of opportunity to submit their applications for withholding of deportation and asylum before the scheduled hearing.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 They claim that there was no notation on the form that they had been advised of their right to counsel and given a list of free legal services was provided, as required by 8 C.F.R. Sec. 287.3. However, this issue was not raised in the BIA appeal and may not be considered here