Francisca Herenia **ALVAREZ–MORA**, Petitioner,

v.

Alberto R. **GONZALES**,* Attorney General, Respondent.

No. 03–74785.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted April 7, 2005.

Decided April 20, 2005.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Raul M. Montes, Esq., Montes & Montes, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jason S. Patil, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, PREGERSON and TROTT, Circuit Judges.

MEMORANDUM **

Franscisca Herenia Alvarez–Mora petitions for review of the BIA's determination that she is an inadmissible arriving alien pursuant to 8 U.S.C. § 1182(a)(6)(E)(i). We deny the petition for review.

■ The immigration judge properly admitted the I–213 because Alvarez–Mora presented no evidence that the I–213 is unreliable or the product of coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) (finding that an I–213 is admissible "absent evidence of coercion or that the statements are not those of the petitioner"). The agent's failure to warn Alva-

** This disposition is not appropriate for publication and may not be cited to or by the

rez–Mora of her Fifth Amendment rights does not render the I–213 inadmissible. *Trias–Hernandez v. INS*, 528 F.2d 366, 368 (9th Cir.1975).

■ The inability to cross-examine the agent who prepared the I–213 does not constitute a due process violation because, as was the case in *Espinoza*, Alvarez–Mora "put on no evidence at all against which the content of the I–213 could be weighed." 45 F.3d at 311.

Finally, the I–213 provides substantial evidence to support the immigration judge's determination that Alvarez–Mora assisted another person's attempt to enter the United States unlawfully and that Alvarez–Mora is, therefore, inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(E)(i).

PETITION DENIED.