**CHUNG LIM YOU, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 06–74741.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007 \*\*.

Filed Dec. 13, 2007.

James T. Stroud, Esq., Stroud & Do, Van Nuys, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell J.E. Verby,

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esq., Barry J. Pettinato, Esq., U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: D.W. NELSON and BEA, Circuit Judges, and OBERDORFER ***, Senior Judge.

## MEMORANDUM ****

Chung Lim You ("Petitioner"), a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. Petitioner was admitted to the United States as a lawful permanent resident ("LPR") on or about June 23, 1996. Petitioner allegedly received a resident alien card as a result of fraud perpetrated by former Immigration and Naturalization Service ("INS") employee Leland Sustaire ("Sustaire"). In February 2000, Sustaire was convicted of conspiracy to bribe a public official, in violation of 18 U.S.C. § 371. Sustaire created a list of alien numbers tracking individuals on behalf of whom he accepted bribes. Petitioner's alien number appeared on that list.

Petitioner was charged with removability under Section 237(a)(1)(A) of the Immigration and Nationality Act ("INA") as an alien who was otherwise inadmissible and who (1) was not in possession of a valid visa or entry document at the time of entry; and (2) adjusted his status through fraudulent means. An Immigration Judge ("IJ") sustained both charges and ordered Petitioner removed. The BIA affirmed the IJ's finding on the first charge of removability, holding that the IJ properly found Petitioner removable as an alien inadmissible at the time of entry for lack of valid entry documents.

The court reviews both the decision of the IJ and the BIA, to the extent that the BIA incorporated the IJ's decision as its own. *Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1194 (9th Cir.2006). Questions of law are reviewed de novo. *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). Similarly, claims of due process violations are reviewed de novo. *Id.* Questions of fact are reviewed for substantial evidence. 8 U.S.C. § 1252(b)(4)(B). Under this section, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.; see also Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir. 1999).

In removal proceedings, the government bears the "burden of establishing by clear and convincing evidence" that an alien is removable. 8 U.S.C. § 1229a(c)(3)(A). The IJ's findings on this issue are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Petitioner was found removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who was not in possession of a valid visa or entry document at the time of entry into the United States. To support this charge, the Department of Homeland Security ("DHS") presented: (1) Petitioner's Record of Sworn Statement to DHS Special Agent Lesley Brown; (2) a Form I–213 detailing the agency's findings regarding Petitioner's status; and (3) documents surrounding the conviction of immi-

---

*** The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration agents who were involved in a scheme to accept money in exchange for residency cards. Petitioner did not object to the admission of this evidence.

Petitioner's visa was issued on the grounds that he was a "Professional Holding a Baccalaureate Degree." In Petitioner's own Record of Sworn Statement, he admits that he did not have a baccalaureate degree when he obtained his residency card. He also admits that he entered the United States on a student visa in 1990, was working without authorization, and paid $10,000 to a man from his church when he filed his application for permanent residence. Additionally, Petitioner did not exercise his opportunity to cross-examine Special Agent Brown, the individual who collected the information used against You. Based on this evidence alone, the IJ was warranted in finding that Petitioner's visa was not valid. The evidence certainly does not compel a contrary conclusion as would be required for a reversal under 8 U.S.C. § 1252(b)(4)(B).

The evidence from the Form I–213 and Sustaire's list serves to bolster this conclusion. This evidence connects Petitioner's A-number to Sustaire's criminal scheme, and thus corroborates the government's theory that Petitioner obtained his residency card through illegitimate means. Accordingly, the BIA properly found that Petitioner is removable.

■ Petitioner's due process rights were not violated in the course of removal proceedings. Petitioner argues the IJ impermissibly considered hearsay evidence and did not afford him a reasonable opportunity to cross-examine witnesses. A removal proceeding is a streamlined administrative process focused on determining an individual's right to remain in the United States. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). The Federal Rules of Evidence do not apply. *See Baliza v. INS*,

709 F.2d 1231, 1233–34 (9th Cir.1983). The IJ properly may consider evidence if it "is probative and its admission is fundamentally fair." *Espinoza v. INS*, 45 F.3d 308, 309–10 (9th Cir.1995) (citing *Trias–Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir.1975)); *Baliza v. INS*, 709 F.2d 1231 (9th Cir.1983).

The evidence presented against Petitioner was probative of his immigration status. The statements made in his Record of Sworn Statement and the Form I–213 tended to prove that Petitioner did not have a legitimate basis for obtaining a visa. The appearance of Petitioner's A-number on Sustaire's list further supported this contention by helping to explain how Petitioner received legal status while not meeting the qualifications for his adjustment category. Finally, the affidavit of Special Agent Curtis gave background information on Sustaire's scheme and put the list of A-numbers into context.

The admission of this evidence was fundamentally fair. The exhibit in question included Petitioner's own statements made in the presence of his attorney. Petitioner did nothing to refute or challenge his own statements at his hearing. Furthermore, a Form I–213 is presumptively reliable evidence of removability, barring any suggestion that it was obtained by duress or coercion, which is not present here. *Tejeda–Mata v. INS*, 626 F.2d 721, 724 (9th Cir.1980); *see also Trias–Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir.1975). Although the Form I–213 was not authenticated by Special Agent Brown at the hearing, the government made Brown available for questioning. Petitioner declined to pursue this opportunity. Petitioner's argument that this evidence was not fairly admitted is further hobbled by his failure to object to its admittance. The IJ and BIA did not violate Petitioner's due pro-

cess rights by considering these documents.

■ Furthermore, the IJ did not err in refusing to grant Petitioner's motion to subpoena documents and witnesses. An alien is entitled to a "reasonable opportunity" to present evidence on his own behalf and cross-examine witnesses. 8 U.S.C. § 1229a(b)(4)(B). An IJ *may* issue a subpoena if he deems the evidence requested "essential." 8 C.F.R. §§ 1003.35(b)(1), (3). The statute does not give Petitioner an unbridled right to cross-examine any witness, but merely a reasonable opportunity to do so. *See* 8 U.S.C. § 1229a(b)(4)(B). Petitioner had the opportunity to cross-examine Special Agent Brown, but declined. The IJ denied Petitioner's motion because on the record before him, the evidence requested was not essential to his ability to make a finding. Petitioner has failed to demonstrate why this court should disturb that determination.

Finally, Petitioner fails to demonstrate how he suffered prejudice from any purported violation of his due process rights. In order to prevail on a due process challenge, an alien must demonstrate prejudice. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002). Here, even if the IJ had granted Petitioner's motion, the IJ still could have based the removal order entirely on Petitioner's own statements admitting that he did not have the requisite qualifications to attain this particular visa. Petitioner fails to establish what new information could be gleaned from the requested witnesses to refute the clear and convincing evidence already submitted by the government. Therefore, Petitioner's due process claim is without merit.

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

The temporary stay of removal and stay of voluntary departure period continue until issuance of mandate.

**PETITION FOR REVIEW DENIED.**

