**Jose Guadalupe FREGOSO–
HEREDIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 04–75112.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Before: BEEZER, FERNANDEZ, and
McKEOWN, Circuit Judges.

### MEMORANDUM **

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jose Guadalupe Fregoso–Heredia, a citizen of Mexico and permanent resident of the United States, petitions for review of a Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") order of removal finding him inadmissible for alien smuggling under Section 212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005). We deny the petition for review.

The IJ properly determined that Fregoso–Heredia was inadmissible and that his actions constituted alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i), because he "provided some form of affirmative assistance to the illegally entering alien[s]." *Altamirano,* 427 F.3d at 592.

We are not persuaded by Fregoso–Heredia's due process contentions. First, evidence obtained without *Miranda* warnings is not excludable from deportation hearings on that basis. *See Trias–Hernandez v. INS,* 528 F.2d 366, 368–69 (9th Cir.1975) (rejecting the argument that an I–213 taken without *Miranda* warnings is inadmissible); *United States v. Solano–Godines,* 120 F.3d 957, 961 (9th Cir.1997). Second, we reject Fregoso–Heredia's contentions that the IJ violated his Fifth Amendment right not to testify by requiring that Fregoso–Heredia himself assert the privilege, and by allowing questioning to continue after counsel had expressed concern about self-incrimination. *See Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1019 (9th Cir.2006) (holding that the IJ did not err in requiring the witness rather

than the attorney to assert the Fifth Amendment privilege and that the only way to assert the privilege is on a question-by-question basis.). Fregoso–Heredia did not assert the privilege. He did not choose to remain silent, and answered all of the questions asked, even after the IJ informed him of his right to invoke the privilege and his counsel advised him not to answer certain questions.

**PETITION FOR REVIEW DENIED.**