**Jose RAMIRO–MURILLO, aka Jose Ramiro Echeveria– Murillo, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74669.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2008.*

Filed March 25, 2008.

Xavier Rosas, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Jose Ramiro–Murillo, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order finding him removable for alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), and review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005). We deny the petition for review.

The agency properly determined that Ramiro–Murillo's actions constitute alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i). According to the three I–213 forms submitted in this case, Ramiro–Murillo arranged for his sister and niece to attempt to enter the United States in violation of law, thereby "provid[ing] some form of affirmative assistance to the illegally entering alien." *Altamirano*, 427 F.3d at 592; *see also Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir.2005) ("An individual may knowingly encourage, induce, assist, abet, or aid with illegal entry, even if he did not personally hire the smuggler and even if he is not present at the point of illegal entry."). The agency was entitled to credit the I–213 forms and the two border officers' testimony over Ramiro–Murillo's testimony. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it.").

Moreover, even if the questioning at issue violated *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the evidence obtained is not excludable from deportation hearings on that basis. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (holding that the exclusionary rule does not apply in civil deportation hearings); *Trias–Hernandez v. INS*, 528 F.2d 366, 368–69 (9th Cir.1975) (rejecting the argument that a form I–213 taken without *Miranda* warnings is inadmissible). Nor was Ramiro–Murillo's right to counsel violated when he was questioned by the officers. *See Trias–Hernandez*, 528 F.2d at 368.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.