**Melina TAPIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73725.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Steven A. Guilin, Escondido, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Annette M. Wietecha, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Melina Tapia, a native and citizen of Mexico and lawful permanent resident, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision finding her removable for participating in alien smug-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**612**

gling. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005). We deny the petition for review.

Contrary to Tapia's contention, the IJ did not violate her due process rights by admitting her statements to immigration officials in the Form I–213, Record of Inadmissible Alien, and a transcript of her sworn interview. *See Cuevas–Ortega v. INS,* 588 F.2d 1274, 1278 (9th Cir.1979) ("the bare assertion that a statement is involuntary is insufficient" to prove coercion); *see also Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it."). Warnings under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not required in civil immigration proceedings. *See Trias–Hernandez v. INS,* 528 F.2d 366, 368–69 (9th Cir.1975).

The IJ properly determined that Tapia was removable and that her actions constituted alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i), because she "provided some form of affirmative assistance to the illegally entering alien." *See Altamirano,* 427 F.3d at 592.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.