**Maria de Lourdes Gomez LUCERO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72818.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed April 1, 2008.

Andres Z. Bustamante, Law Offices of Andres Z. Bustamante, Keli M. Reynolds,

Bustamante & Associates, Los Angeles, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Carol Federighi, Nancy E. Friedman, Eric W. Marsteller, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and KING *, District Judge.

## MEMORANDUM **

Maria de Lourdes Gomez Lucero ("Gomez Lucero") petitions for review of a BIA order dismissing her appeal. The IJ denied Gomez Lucero's motion to terminate the proceedings and ordered her removed from the United States. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Gomez Lucero argued before the IJ that her statements recorded on Form I213 (Record of Deportable/Inadmissible Alien) should be suppressed because her request to speak with her attorney while in secondary inspection was denied in violation of her regulatory and constitutional rights. Our review of these questions of law is *de novo*. *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003).

The exclusionary rule is generally not applicable in removal proceedings, except in cases of "egregious" conduct that "transgress[es] notions of fundamental fairness and undermine[s] the probative value of the evidence obtained." *Gonzalez–Rivera v. INS*, 22 F.3d 1441, 1448 (9th Cir.1994) (quoting *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050–51, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984)). No such conduct occurred in this case. First, Gomez Lucero's regulatory right to counsel was not violated because there is no evidence in the record that she was the "focus of a criminal investigation." 8 C.F.R. § 292.5(b). Second, even if she was entitled to *Miranda* warnings, we have long held that violation of *Miranda* does not require suppression in removal proceedings. *Trias–Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir.1975). Third, there is no evidence that her statements were made involuntarily "or otherwise affected by the circumstances of her arrest." *In re Toro*, 17 I. & N. Dec. 340, 344 (BIA 1980). The I–213 is therefore probative evidence, the use of which is not fundamentally unfair.

**PETITION DENIED.**

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.