**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ARMANDO LIMON-GUERRERO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 06-74730<br><br>Agency No. A097-213-928<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Juan Armando Limon-Guerrero, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order finding that he knowingly participated in alien

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

RB/Research

smuggling in violation of 8 U.S.C. § 1227(a)(1)(E)(i). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law and due process claims, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Limon-Guerrero's due process rights were not violated by admission of the Form I-213 (Record of Deportable/Inadmissible Alien) because the form was probative and its admission was not fundamentally unfair, and where the preparing officer testified at the hearing regarding the preparation of the form. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting argument that a Form I-213 is inadmissible as hearsay); *Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975) ("Hearsay is admissible in administrative proceedings, which need not strictly follow conventional evidence rules." (citation omitted)).

Contrary to Limon-Guerrero's contention, the BIA correctly placed the burden on the government to demonstrate removability by clear, convincing, and unequivocal evidence, *cf. Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 678 (9th Cir. 2005), and substantial evidence supports its determination that Limon-Guerrero is removable for engaging in alien smuggling.

Limon-Guerrero's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED**.