**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSA TORRES DE FIGUEROA,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-74788

Agency No. A076-347-678

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Rosa Torres de Figueroa, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

LA/Research

We review de novo questions of law and due process claims, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Torres de Figueroa's due process rights were not violated by admission of the Form I-213 (Record of Deportable/Inadmissible Alien) because the form was probative and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting argument that a Form I-213 is inadmissible as hearsay). Torres de Figueroa did not produce probative evidence that cast doubt on the document's reliability, admitted that the statements contained there were true and given voluntarily, and declined the opportunity to cross-examine the border officers. *See id*.

Even if the Form I-213 were obtained without a reading of rights, that by itself would not warrant its suppression. *See Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975).

Contrary to Torres de Figueroa's contention, the BIA order is sufficient.

**PETITION FOR REVIEW DENIED**.