**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SERGIO R. MARTINEZ, | No. 06-75098 |
| Petitioner, | Agency No. A077-364-571 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2010
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.**

Sergio Martinez petitions for review of the Board of Immigration Appeals'

final order of removal. The Board summarily affirmed the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

finding that Martinez is inadmissible for engaging in alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i).  We deny the petition for review.

The facts of this case are known to the parties.  We do not repeat them.

## I.    Documentary Evidence

Martinez argues the documentary evidence before the Immigration Judge was inadmissible on several bases.  We discuss each in turn.

### A.    Probity of Documentary Evidence

Immigration proceedings are not bound by strict rules of evidence; nonetheless, aliens must be accorded due process.  *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).  "The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair."  *Id.*

Martinez argues that the Form I-213 is inadmissible because no officers testified at his hearing, and the I-213 incorrectly reports that he admitted to engaging in alien smuggling.  In his sworn statement, however, Martinez stated that he realized his actions were illegal.  Such a minor discrepancy between the documents does not undermine the probity of the I-213. *Cf. id.* at 311 (stating that "[a] petitioner who produced probative evidence that contradicts anything *material* on the I-213 would cast doubt upon its reliability" (emphasis added)).

**B.** *Miranda* **Warnings**

Martinez's claim that the Due Process Clause required that he be given a *Miranda* warning before questioning is without merit. *See Trias-Hernandez v. INS*, 528 F.2d 366, 368-69 (9th Cir. 1975) (holding that the substantial distinctions between a deportation proceeding and a criminal trial make *Miranda* warnings inappropriate in the deportation context).

**C.** **Coercion**

Martinez's argument that his statement was coerced is unpersuasive. Martinez stated under oath that he had been treated very well since he had been with immigration authorities and that his declaration was voluntary. Under these circumstances, the evidence does not compel the conclusion that his statement was coerced. *Cf. Choy v. Barber*, 279 F.2d 642, 646-47 (9th Cir. 1960) (holding that an alien's statement was coerced when it was obtained after threats and seven hours of interrogation).

**D.** **Spousal Testimony**

Martinez argues his right to "spousal immunity" was violated because he was not told that he had a right not to disclose any information that could incriminate his wife. Again, the Federal Rules of Evidence do not apply in removal proceedings. Even if they did, we are aware of no authority holding that

Martinez had a right to be informed of the martial communications privilege or the privilege against spousal testimony before answering questions concerning his wife. Furthermore, the privilege against spousal testimony is inapplicable because Mayra did not testify against her husband. *See United States v. Lefkowitz*, 618 F.2d 1313, 1317-18 (9th Cir. 1980).

### E.  Administrative Procedure Act

Martinez's argument that he was entitled to be represented by counsel at the border pursuant to the Administrative Procedure Act is without merit. *See Marcello v. Bonds*, 349 U.S. 302, 310 (1955) (holding that Immigration and Nationality Act supersedes the hearing provisions of the Administrative Procedure Act).

### F.  8 C.F.R. § 287.3

Martinez's argument that his statement was obtained in violation of 8 C.F.R. § 287.3(c) is foreclosed by precedent. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009) (holding that § 287.3(c)'s protections apply only after a Notice to Appear has been filed in the immigration court).

### G.  Unlawful Detention

Martinez also argues that his statements were improperly admitted because there was no probable cause to justify his seizure at the border. The exclusionary

rule does not apply in removal proceedings absent "egregious violations of [the] Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). We have held that a Fourth Amendment violation is "egregious" if "evidence is obtained by deliberate violations of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution." *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (brackets, internal quotation marks, and emphases omitted). Here, where agents witnessed Martinez and his wife traveling in a car in which three aliens attempted to enter the United States on false pretenses, any Fourth Amendment violation in detaining Martinez cannot be deemed egregious.

## II. Alien Smuggling

Martinez also challenges the sufficiency of the evidence to support the Immigration Judge's finding that Martinez is inadmissible for engaging in alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i).

As a legal permanent resident, Martinez ordinarily would not be considered an applicant for admission when seeking entry into the United States. *See* 8 U.S.C. § 1101(a)(13)(C). However, an exception to this general rule applies when a legal

permanent resident engages in illegal activity after having departing the United States.  8 U.S.C. § 1101(a)(13)(C)(iii).

The Immigration Judge's finding that Martinez engaged in alien smuggling after having departed the United States is supported by substantial evidence. By participating in a joint venture with his wife to bring the three aliens into the United States, Martinez was more than a mere "passenger" as described in *Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir. 2005).  As stated by the immigration court, Martinez "associated himself with the venture of bringing these aliens into the United States and he wanted it to succeed, as an apparent favor to the co-worker Angel."  The government met its burden of showing Martinez is inadmissible.

Martinez's remaining contentions are without merit.

**PETITION DENIED.**