**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY JUAREZ-BATRES, | No. 11-70285 |
| Petitioner, | Agency No. A095-749-418 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012**

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Henry Juarez-Batres, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Juarez-Batres' motion to reopen to rescind his removal order because the hearing notice was sent by regular mail to the address last provided by Juarez-Batres, and he failed to rebut the presumption of effective service. *See Sembiring v. Gonzales*, 499 F.3d 981, 986 (9th Cir. 2007) (describing factors relevant to overcome presumption of effective service sent by regular mail). It follows that Juarez-Batres' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

Admission of the Form I-213 (Record of Deportable/Inadmissible Alien) was proper because the form was probative, its admission was fundamentally fair, and Juarez-Batres did not allege coercion or error. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995); *see also Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975) ("Hearsay is admissible in administrative proceedings, which need not strictly follow conventional evidence rules." (citations omitted)).

**PETITION FOR REVIEW DENIED.**