FILED

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR MANUEL GONZALEZ-LOPEZ,<br><br>          Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | No. 13-71658<br><br>Agency No. A200-670-773<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Hector Manuel Gonzalez-Lopez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable. We have jurisdiction

under 8 U.S.C. § 1252. We review de novo questions of law and constitutional

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791-792 (9th Cir. 2005), and review for substantial evidence the agency's findings of removability, *Lopez-Chavez v. INS,* 259 F.3d 1176, 1180 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's finding that Gonzalez-Lopez was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without first having been admitted or paroled, where record evidence demonstrated that Gonzalez-Lopez had admitted he was a native and citizen of Mexico who entered the United States without inspection, and where he failed to rebut the presumption of alienage. *See Lopez-Chavez,* 259 F.3d at 1181 ("Once the [government] proves alienage, the burden shifts to the alien to prove the time, place and manner of his entry into the United States."); *see also Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975) (government form containing petitioner's statement, prepared contemporaneously with the making of the statement, established alienage despite no independent recollection of interview by agent).

The agency properly denied Gonzalez-Lopez's motion to suppress evidence and terminate proceedings. Contrary to Gonzalez-Lopez's contentions, warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966), are not required in civil immigration proceedings. *See Trias-Hernandez*, 528 F.2d at 368-69 (violation of

*Miranda* does not require suppression of evidence in removal proceedings). Nor did Gonazalez-Lopez demonstrate that the evidence was obtained as a result of an egregious constitutional violation. *See Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1448 (9th Cir. 1994) (The exclusionary rule is generally not applicable in removal proceedings, except in cases of "egregious" conduct that "transgress[es] notions of fundamental fairness and undermine[s] the probative value of the evidence obtained.") (internal citations omitted)). Accordingly, to the extent Gonzalez-Lopez claims that the admission of evidence obtained without *Miranda* warnings violated his right to due process, this claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

To the extent the issue of 8 C.F.R. § 287.3(c) advisals was exhausted below, Gonzalez-Lopez does not raise any arguments challenging the agency's determinations with respect to the lack of those advisals. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in the opening brief are deemed waived).

**PETITION FOR REVIEW DENIED.**