**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KESNER PASCAL,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   21-1234

Agency No. 209-871-990

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023[**]
San Francisco, California

Before:  SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Kesner Pascal, a citizen of Haiti, seeks review of the Board of Immigration

Appeals' ("BIA") decision dismissing his appeal from a decision of an

Immigration Judge ("IJ") denying his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Pascal contends that it was error to admit the Form I-213 and Record of Sworn Statement because they were not properly certified or authenticated. We have long held that the Form I-213 is probative, and its admission is fair absent evidence of coercion or that the statements are not those of the petitioner. *See Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975).

Pascal claims he was coerced into signing the Sworn Statement while he was detained and did not have it read back to him in a language he could understand. But the record indicates that his interview was conducted in Creole, and he swore that his answers were given voluntarily and truthfully. Information on an immigration form is "presumed to be reliable in the absence of evidence to the contrary presented by the [petitioner]." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995). Pascal's Form I-213 and Record of Sworn Statement were signed by an authorized certifying designee of the Secretary of Homeland Security. The IJ's admission of the two documents was therefore not error.

Substantial evidence supports the BIA's adverse credibility determination. Pascal's testimony concerning his fear of returning was inconsistent with his statement during his interview that he had no fear of returning, and the inconsistency was not adequately explained.

Pascal's CAT claim similarly fails. Pascal is unable to point to any evidence that compels reversal of the agency's CAT decision. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**