NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS ALONSO VELASQUEZ
PORTILLO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2160

Agency No.
A205-024-543

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025**
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Carlos Alonso Velasquez Portillo ("Velasquez"), a native and citizen of El

Salvador, petitions for review of an order from the Board of Immigration Appeals

("BIA") dismissing his appeal from a final removal order from an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ"), which denied his application for adjustment of status pursuant to 8 U.S.C. § 1255(a) and failed to rule on his request for voluntary departure pursuant to 8 U.S.C. § 1229c(b)(1). We have jurisdiction to review "constitutional claims or questions of law" under 8 U.S.C. § 1252(a)(2)(D), including "whether the BIA and IJ . . . relied on improper evidence." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). Reviewing de novo, *Hernandez v. Garland*, 47 F.4th 908, 912 (9th Cir. 2022), we dismiss the petition.

1. The IJ did not violate due process in considering the testimony of Veronica Murillo and Exhibits 11, 12, 13, and 15 to determine whether Velasquez merited discretionary adjustment of status. Contrary to Velasquez's assertions, the contested exhibits and testimony were admitted for substantive purposes, not solely for impeachment purposes. *Urooj v. Holder* therefore does not apply. *See* 734 F.3d 1075, 1078–79 (9th Cir. 2013). Admitting the evidence was proper because it "is probative and its admission is fundamentally fair." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (citing *Trias–Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975)). Though Velasquez argues that the late filing of the evidence unfairly deprived him of notice and an opportunity to respond, he had several months between the introduction of the evidence and his final removal hearing to rebut the exhibits and prepare to cross-examine Murillo. *See Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011) (holding that a five-month continuance ensured "adequate

2    23-2160

notice" and "sufficient time" to respond).

2. We need not address Velasquez's claim that the IJ violated due process by considering Exhibits 16 and 17 as substantive evidence because the BIA expressly disclaimed any reliance on those exhibits. "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

3. The IJ's failure to rule on Velasquez's request for voluntary departure caused no due-process violation because the BIA decided in the first instance that he "does not merit a discretionary grant of voluntary departure." "Because the BIA conducted a *de novo* review . . . , our review is 'limited to the BIA's decision . . . .'" *Id.* at 1142 (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). And "we lack jurisdiction to reweigh the [BIA]'s exercise of discretion in denying voluntary departure." *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (citing 8 U.S.C. § 1252(a)(2)(B)(i)).

**DISMISSED.**[1]

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.

23-2160