**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LIDIO CABRAL-CABRAL, | No. 05-75182 |
| Petitioner, | |
| v. | Agency No. A090-176-653 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Jose Lidio Cabral-Cabral, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying his application for a § 212(h) waiver

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

of inadmissability. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001), and we deny in part and dismiss in part the petition for review.

Cabral-Cabral's contention concerning the retroactive application of 8 C.F.R. § 212.7(d) is foreclosed by *Mejia v. Gonzales*, 499 F.3d 991, 997-99 (9th Cir. 2007). Cabral-Cabral's contention that his conviction under California Penal Code §288(a) is not a crime of violence is also foreclosed. *Mejia*, 499 F.3d at 999.

We lack jurisdiction to review the IJ's discretionary denial of Cabral-Cabral's application for a waiver of inadmissibility under § 212(h) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Mejia*, 499 F.3d at 999. Cabral-Cabral's contention that the IJ violated his due process rights by disregarding his evidence of hardship to his wife and misapplying the law to the facts of his case is not supported by the record and does not amount to a colorable due process claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Cabral-Cabral's due process rights were not violated by the admission of his probation officer's report because the report was probative and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir.

1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair"); *Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975) ("Hearsay is admissible in administrative proceedings, which need not strictly follow conventional evidence rules.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**