**NOT FOR PUBLICATION**

FILED



DEC 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BERNARDO GUZMAN-ARANDA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    14-73265

Agency No. A047-347-949

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017**
Pasadena, California

Before:  D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Bernardo Guzman-Aranda petitions for review of the BIA's decision affirming the IJ's order of removal. Guzman-Aranda claims (1) that the IJ relied on inadmissible evidence in finding him removable and (2) that he is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

**1.** *Miranda* warnings are not required in order for a statement to be admissible in immigration proceedings. *Trias-Hernandez v. I.N.S.*, 528 F.2d 366, 368-69 (9th Cir. 1975). That rule applies even if a criminal prosecution is theoretically possible. *Cf. Chavez v. Martin*, 538 U.S. 760, 772-73 (2003). Guzman-Aranda did not raise a claim based on any right to counsel he may have had under 8 C.F.R. § 292.5(b). *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 802 & n.2, 804 (9th Cir. 2013).

**2.** An I-213 is presumptively admissible hearsay in a removal hearing unless the noncitizen "come[s] forward with enough negative factors to persuade the court not to admit it." *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995). Guzman-Aranda's sworn declaration that he did not recall making the statements attributed to him in the I-213 cast doubt on the accuracy of the I-213. However, the declaration was rebutted by the Record of Sworn Statement, the accuracy of which he did not attempt to challenge. The I-213 was therefore properly admitted.

2

**3.** The government does not attempt to defend the BIA's conclusion that Guzman-Aranda's proposed social group—of deportees from the United States to Mexico who will be perceived as wealthy Americans because of their deep ties to this country—is not a cognizable "particular social group" for purposes of asylum and withholding of removal. *Cf. Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150, 1152 (9th Cir. 2010) (per curiam) (finding a similar proposed social group noncognizable on the record presented in that case); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1227-29 (9th Cir. 2016) (same). However, the record does not compel the conclusion that he has a well-founded fear of future persecution in Mexico based on his membership in this group. *See Wakkary v. Holder*, 558 F.3d 1049, 1061, 1064 (9th Cir. 2009); *Navas v. I.N.S.*, 217 F.3d 646, 659 n.18 (9th Cir. 2000); *Arriaga-Barrientos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991). The evidence therefore does not compel the conclusion that Guzman-Aranda is eligible for either asylum or withholding. *See Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011).

**4.** The record does not compel the conclusion that Guzman-Aranda is more likely than not to be tortured in Mexico. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1283 (9th Cir. 2001).

**PETITION DENIED.**